


UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JULIUS LEE SAVAGE,<br>    Plaintiff | CIVIL ACTION<br>NO. CV06-0624-A |
| VERSUS | |
| CITY OF HARRISONBURG, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

<u>MEMORANDUM ORDER</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Julius Lee Savage ("Savage"). The named defendants are the City of Harrisonburg, Louisiana, District Attorney John F. Johnson, Detective Paul A. Blunchi, the City of Las Vegas, Nevada, Detective Joseph McGuckin, Detective Ted Rosen, Bellsouth Telecommunications, and Security Manager Kelly Adams.

Savage alleges that, in 1989, he was subjected to a false arrest by Nevada and Louisiana police pursuant to a "material witness warrant" issued from the 7th Judicial District Court in Harrisonburg, Louisiana. Savage contends the warrant was based on his statements to Louisiana police on June 9, 1987, as well as a phone call allegedly made from the victim's residence to Savage's residence in Las Vegas. Savage contends the Louisiana police officers deliberately misrepresented the date of the interview as

June 19, 1987, as well as the substance of the statement, which led to the issuance of the arrest warrant, and that all defendants conspired to prevent Savage from discovering his cause of action against them. Savage says he did not discover the alleged fraud until April 16, 2005, when "credible evidence" revealed that McGuckin and Rosen interviewed him on June 9, 1987, rather than June 19, 1987, that the June 9th interview did not identify him as a material witness to the offense, and that Johnson knowingly filed a fraudulent motion to arrest Savage as a material witness. Savage contends that evidence of the fraud was "recently discovered" and "retrieved from Johnson's file."

Savage further alleges the City of Harrisonburg and the City of Los Vegas failed to properly train and supervise their defendant employees, and that Bellsouth and Kelly Adams gave false testimony concerning who provided phone record information to the police as well as when it was provided, and conspired with police to prevent Savage from discovering his cause of action.

1.

Savage has not explained what the recently discovered "credible evidence" is, or why he did not discover the evidence earlier.

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); <u>McGregor v. LSU Bd. of</u>

2

Supervisors, 3 F.3d 850, 864 (5th Cir. 1993, cert. den., 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986), or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Under the facts presented by Savage in his complaint, any cause of action he may have had culminated when he was arrested in 1989, and prescribed a year later in 1990. Savage filed this suit in 2005, about 15 years later. Therefore, Savage needs to amend his complaint to show the specific evidence that alerted him to his cause of action and why he could not, with the exercise of due diligence, have discovered any of that evidence or these facts within a year of his arrest or before 2005.

2.

Savage also alleges he was falsely arrested and detained. The constitutional torts of false arrest, unreasonable seizure, and false imprisonment require a showing that there was no probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001), cert. den., 122 S.Ct. 46 (U.S. 2001). The right to be free from arrest without probable cause is a constitutional right that was clearly established in 2002. See Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct.

223, 225 (1964) (the right to be free from arrest without probable cause is a clearly established constitutional right).

To state a claim for false imprisonment or arrest, a plaintiff must allege his confinement was illegal and not the subject of a valid warrant or indictment. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 279 (5th Cir. 1992). A detention effectuated pursuant to a warrant in conformity with the Fourth Amendment does not amount to a violation of the Constitution. Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994). Given the requirements that an arrest be made only on probable cause and that one detained be accorded a speedy trial, an officer executing an arrest warrant is not required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. Romero v. Fay, 45 F.3d 1472, 1480 (10th Cir. 1995), citing Baker v. McCollan, 443 U.S. 137, 143-44, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979). Also, Fowler v. Cross, 635 F.2d 476, 480 (5th Cir. 1981). False imprisonment is not a violation of the Fourteenth Amendment merely because the defendant is a state official. Thus, a false imprisonment cause of action will lie under §1983 only if there is a deprivation of liberty without due process of law. Baker, 443 U.S. at 143-44, 99 S.Ct. at

4

2694.

A police officer who is the affiant, who actually prepares or presents the warrant application, or who is fully responsible for preparation of the warrant application may be held liable in his individual capacity for filing an application for an arrest warrant without probable cause, pursuant to Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986). Michalik v. Hermann, 422 F.3d 252, 259-261 (5th Cir. 2005). However, this liability does not extend to officers involved only in the arrest pursuant to a facially valid warrant. Michalik, 422 F.3d at 261.

In the case at bar, Savage admits he was arrested pursuant to an arrest warrant, which was apparently issued to insure his presence as a material witness in a murder trial. Although Savage claims the dates of his statements to the police were misrepresented by the police who prepared the warrant application (as the nineteenth instead of the ninth) and that the substance of his statements were misrepresented as well, he has not alleged specific facts to show that the arrest warrant was not supported by probable cause, or that it was not facially valid. Compare, Arnsberg v. U.S., 757 F.2d 971, 978 (9th Cir. 1985), cert. den., 475 U.S. 1010, 106 S.Ct. 1183 (1986); Andrade v. Chojnacki, 65 F.Supp.2d 431 (W.D.Tex. 1999); Stone v. Holzberger, 807 F.Supp. 1325, 1343 (S.D.Ohio 1992), aff'd, 23 F.3d 408 (6th Cir. 1994).

Therefore, Savage is granted an opportunity to amend his

5

complaint to allege specific facts to support his claims of false arrest and imprisonment.

3.

Savage alleges the City of Harrisonburg and the City of Los Vegas failed to properly train and supervise their officers who are defendants in this case.

A plaintiff seeking to impose liability on a municipality under Section 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403-404, 117 S.Ct. 1382, 1388 (1997).

With regard to a cause of action for "failure to train", assessing an individual supervisor's liability under §1983 depends on a showing of (1) a "deliberately indifferent" policy of training that (2) was the "closely related" cause of the violation of the plaintiff's federally protected rights. Doe v. Taylor Independent School Dist., 15 F.3d 443, 453 (5th Cir.), cert. den., 513 U.S. 815, 115 S.Ct. 70 (1994). Regarding the element of causation, an isolated incident is not enough to show that a policy or custom exists. Isolated violations are not the persistent, often repeated

constant violations that constitute custom and policy. In order to be a policy, inadequate training must be a product of a conscious choice. Hood v. Itawamba County, Miss., 819 F.Supp. 556, 564 (N.D.Miss. 1993), citing, Palmer v. City of San Antonio, 810 F.2d 514, 516 (5th Cir. 1987), and Grandstaff v. City of Borger, Tex., 767 F.2d 161, 169 (5th Cir. 1985), cert. den., 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1989). Also, City of Oklahoma v. Tuttle, 471 U.S. 808, 822, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act, where the policy relied upon is not itself unconstitutional. Thompkins, 828 F.2d at 304. Proof of a single incident of unconstitutional activity is sufficient to impose liability under Monell if proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. City of Oklahoma, 471 U.S. at 823, 105 S.Ct. at 2436. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the policymaker, for the officer's shortcomings may have resulted from factors other than a faulty training program; adequately trained officers occasionally make mistakes. A plaintiff must prove that a deficiency in the training program is closely related to the ultimate injury. City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989).

With regard to Savage's allegations that the defendant municipalities failed to properly supervise the defendant officers, the doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303.

Since Savage has not yet alleged any customs or policies of the municipalities related to training the officers, he now has the opportunity amend his complaint to do so.

4.

Finally, Savage alleges that Bellsouth Security Manager Kelly Adams and Bellsouth conspired with state actors, the officers, to cover up the date and time Detective Blunchi requested information from them and the date and time the information was provided to Detective Blunchi, and also testified falsely in a criminal proceeding to conceal the fact that Blunchi's request for

8

information was directed to and retrieved by Gus Harkness.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. <u>Lugar v. Edmondson Oil Co., Inc.</u>, 475 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of Section 1983. <u>Shelley v. Kraemer</u>, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948).

When a private party gives testimony in open court in a criminal trial, that act is not performed "under color of law." <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329, 330, 103 S.Ct. 1108, 1112-113 (1983). It is well established that parties and witnesses are absolutely immune from subsequent damages liability for their testimony in judicial proceedings, and are thus not subject to suit under Section 1983. <u>Briscoe</u>, 460 U.S. at 330-334, 103 S.Ct. at 1113-1115. Therefore, Savage does not have a cause of action under Section 1983, against Adams and Bellsouth, for testimony given in a judicial proceeding.

As for Adam's and Bellsouth's alleged actions in conspiring to conceal Savage's cause of action, Savage must establish that they are "state actors" pursuant to Section 1983. The traditional

9

definition of acting under color of state law requires that the defendants in a §1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the state or by a person for whom the state is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor. West v. Atkins, 487 U.S. 42, 47, 108 S.Ct. 2250, 2254 (1988).

To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents. Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-1606 (1970). But provision of background information to a police officer does not by itself make a private person a joint participant in state action under Section 1983. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999), and cases cited therein.

Savage must therefore provide specific facts to show a sufficient agreement or meeting of the minds between Adams, Bellsouth, and the police officers to violate Savage's constitutional rights in order to render them liable under Section 1983.

**Accordingly,**

IT IS ORDERED that Savage has until **September 11, 2006**, to show why his complaint should not be dismissed as untimely, and to amend his complaint to state the facts of his claims against each defendant with specificity as described above.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 11th day of August, 2006.

                                        JAMES D. KIRK
                            UNITED STATES MAGISTRATE JUDGE