RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 12-7,06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JULIUS LEE SAVAGE | CIVIL ACTION NO. 06 - 0624 - A |
| VERSUS | JUDGE DEE D. DRELL |
| CITY OF HARRISONBURG, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, *in forma pauperis*, by pro se plaintiff Julius Lee Savage ("Savage"). The named defendants are the City of Harrisonburg, Louisiana, District Attorney John F. Johnson, Detective Paul A. Blunchi, the City of Las Vegas, Nevada, Detective Joseph McGuckin, Detective Ted Rosen, Bellsouth Telecommunications, and Security Manager Kelly Adams.

Savage alleges that, in 1989, he was subjected to a false arrest by Nevada and Louisiana police pursuant to a "material witness warrant" issued from the 7th Judicial District Court in Harrisonburg, Louisiana. Savage contends that the Louisiana police officers deliberately misrepresented the date of an interview, as well as the substance of the statement that led to the issuance of the arrest warrant. Savage claims that all defendants conspired to prevent him from discovering his cause of action against them. Savage says he did not discover the alleged fraud until April 16, 2005, when "credible evidence" revealed that McGuckin and Rosen interviewed him on June 9, 1987, rather than June 19, 1987, that the June 9th interview did not identify him as a material witness to the offense, and that Johnson knowingly filed a fraudulent motion to

arrest Savage as a material witness. Savage contends that evidence of the fraud was "recently discovered" and "retrieved from Johnson's file."

Savage further alleges that the City of Harrisonburg and the City of Las Vegas failed to properly train and supervise the defendant employees, and that Bellsouth and Kelly Adams gave false testimony concerning who provided phone record information to the police as well as when it was provided, and conspired with police to prevent Savage from discovering his cause of action.

On August 11, 2006, the undersigned issued a Memorandum Order [Doc. #12] directing the Plaintiff to amend his complaint **by September 11, 2006,** to show:

(1) What the recently discovered "credible evidence" is and why he did not discover the evidence earlier;
(2) what specific evidence alerted him to his cause of action and why he could not, with the exercise of due diligence, have discovered any of that evidence or these facts within a year of his arrest or before 2005;
(3) what specific facts support his claims of false arrest and false imprisonment;
(4) what customs or policies of the municipalities are unconstitutional and causally resulted in his injury;
(5) how Bellsouth qualified as a state actor; and
(6) why his complaint should not be dismissed as untimely.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Because Plaintiff has failed to comply with the Court's Order of August 11, 2006, IT IS RECOMMENDED that Plaintiff's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE